JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KRISTOPHER BAYLOG and MISAEL MARRERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HASHFLARE LP,<br><br>Defendant. | Case No. 2:18-cv-03043-DDP-PLA<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR FINAL SETTLEMENT APPROVAL AND FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>[Dkt. Nos. 83, 84] |

The above-captioned matter came before this Court on (1) Plaintiffs' Unopposed Motion for Final Settlement Approval (ECF No. 84), and (2) Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Class Representative Service Awards (ECF No. 83). Based upon the memoranda, declarations, exhibits, and all of the files and proceedings herein, it is hereby **ORDERED**:

1. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

2. The Unopposed Motion for Final Approval and the Unopposed Motion for Attorneys' Fees, Costs, and Class Representative Service Award are hereby GRANTED. The Court approves the Settlement Agreement and orders that the Settlement shall be consummated and completed in accordance with the terms and conditions of the Settlement Agreement, which are incorporated into this Order.

3. The Court finds that the Settlement Agreement meets the requirements for approval under Fed. R. Civ. P. 23(e):

    A. The Class Representatives and Class Counsel have adequately represented the Class.

    B. The proposed settlement resulted from arms'-length negotiations by experienced and competent counsel overseen by a neutral mediator.

    C. The Settlement was negotiated only after Class Counsel and Defendants had conducted meaningful and significant discovery.

    D. The relief provided by the Settlement is adequate, taking into account the costs, risk, and delay of trial and appeal; the effectiveness of the proposed method of distribution; and the terms of the proposal for awarding attorney's fees, including the timing of payment.

    E. The Settlement treats Class Members equitably with respect to one another.

    F. Considering the other relevant Ninth Circuit factors, the Settlement is fair, reasonable, and adequate in all respects, including (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and

the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

G. Only one Class Member, Jason Armitage, opted out of the Settlement.

H. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court. No Class Member has objected.

4. In accordance with the Court's Order, the Email Notice and (where the Email Notice was returned) the Long Form Notice were timely distributed to all Settlement Class Members who could be identified with reasonable effort. The Settlement Website was also established as set forth in the Agreement and contained the Long Form Notice with detailed settlement information. Notice was successfully sent to 98.31% of Class Members. In addition, notice was given pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq. ("CAFA"). The Court finds that all applicable CAFA requirements have been satisfied.

5. The form and methods of notifying the Class Members of the terms and conditions of the Settlement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto, consistent with Rule 23 and due process.

6. The Court grants Class Counsel's request for an award of attorneys' fees in the amount of $67,500.00, and costs in the amount of $38,196.23 for litigation expenses and $18,590.00 for settlement administration expenses. The Court finds that the requested attorneys' fees (thirty percent of the common fund) are authorized by

the Settlement Agreement and are reasonable in light of the factors considered by courts in California and the Ninth Circuit. The Court further finds that the costs requested are authorized by the Settlement Agreement and are reasonable and relevant to the litigation.

7. The Court approves Class Counsel's request for service awards for each of the Class Representatives. The amounts requested are reasonable in light of (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. The Court approves an award of $15,000 each to Class Representatives Kristopher Baylog and Misael Marrero.

8. The Court orders Defendant to deposit the Gross Settlement Amount at the times and under the methods required by the Settlement Agreement. The Court approves the subsequent distribution of the settlement funds as required by the Agreement.

9. Upon the Effective Date under the Settlement Agreement: (a) all settling parties shall be bound by the Settlement Agreement and by this Final Approval Order; and (b) all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Settlement Class Members who have not excluded themselves from this Settlement are dismissed with prejudice, without costs to any of the Parties other than as provided for in the Settlement Agreement or in this Order.

10. The Court orders compliance with the Settlement Agreement in all respects. The Court reserves jurisdiction over all matters arising out of the settlement

//
//
//

or the administration of the settlement.

**IT IS SO ORDERED.**

Dated: October 19, 2021

Hon. Dean D. Pregerson
U.S. District Judge

[ PROPOSED] ORDER ON MOTIONS FOR FINAL SETTLEMENT APPROVAL AND FOR ATTORNEYS' FEES, COSTS, AND CLASS REP SERVICE AWARDS